IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORAD0
Hon. Marcia S. Krieger

Civil Action No. 12-cv-00965-MSK

SERGEY GENAD'YEVICH NOVITSKIY,

      Petitioner,

v.

MATT HOLM, Warden of I.C.E. Processing Center,
CARL ZABAT, and
LYNN DOBLE-SALICRUP,

      Respondents.

---

## OPINION AND ORDER DENYING APPLICATION
## FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241

---

THIS MATTER comes before the Court on Petitioner Sergey Genad'yevich Novitskiy's Petition for Writ of Habeas Corpus (# 1). The Government[1] filed a Response (# 8) and a Supplement to Response (# 12), to which Petitioner replied (## 13, 14).[2] Having considered the same, the Court FINDS and CONCLUDES the following.

## I. Jurisdiction

---

[1] The Court notes at the outset that the only proper Respondent in a habeas action is the Petitioner's custodian. *See* 28 U.S.C. § 2242 (providing that the proper respondent to a habeas petition is "the person who has custody over [the petitioner]"); *Rumsfeld v. Padilla,* 542 U.S. 426, 447 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent"); *see also Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995). Matt Holm, the warden of the Aurora ICE processing center, where Petitioner is detained, is Petitioner's custodian. Carl Zabat, the Senior Detention and Deportation Officer, and Lynn Doble-Salicrup, Assistant Chief Counsel, are not Petitioner's custodians and, therefore, are not proper Respondents to this action.

[2] Petitioner's Reply to the Government's Response is attached as Appendix C to a "Motion to Permit Late-Filing Due to Excusable Neglect." (# 14). The Court will grant the motion to file a late Reply.

This Court asserts jurisdiction pursuant to 28 U.S.C. §§ 2241 and 1331.

## II. Background

Petitioner is a native of Azerbaijan and citizen of the former Soviet Union.  (# 1, at 1 of 52).  He was admitted to the United States as a refugee in 1993 and became a Legal Permanent Resident in 1994.  (*Id*. at 3).  In 2002, Petitioner pleaded guilty in the District Court of Arapahoe County, Colorado, to trespass of an automobile with intent to steal a thing of value and to possession of burglary tools.  (*Id*.).  *See also Novitskiy v. Ashcroft*, No. 04-9530, 120 F. App'x 286, 288 (10th Cir. Jan. 24, 2005) (unpublished)).  Petitioner was sentenced to 18 months' imprisonment.  (# 8-2, at 4).  As a result of the criminal conviction,  Immigration and Customs Enforcement ("ICE") issued a Notice to Appear charging that Petitioner was removable[3] under 8 U.S.C. § 1227(a)(2)(A)(iii)[4] because he committed an aggravated felony.  (# 1, at  3-4).  In 2003, the Immigration Judge found that Petitioner was removable as an aggravated felon.  (# 1, at 4). Petitioner applied for asylum and withholding of removal.  (*Id*.).  The Immigration Judge denied the former because of Petitioner's conviction,[5] but granted the latter,[6] and Petitioner was released.  (*Id*.).

---

[3]"The terms removable and deportable are synonymous." *Hamilton v. Gonzales*, 485 F.3d 564, 566 n.1(10th Cir. 2007). They are synonymous because Congress amended the relevant statutes in 1996 with the Illegal Immigration Reform and Immigrant Responsibility Act by replacing the term "order of deportation" with the term "order of removal" in most, but not all, of the United States Code. *Id*. (citations omitted).

[4]The Notice to Appear referred to section 236 of the Immigration and Naturalization Act ("INA"). For the sake of convenience, the Court will refer to the INA as codified in this Order.

[5]An alien convicted of an aggravated felony is ineligible for asylum. 8 U.S.C. § 1158(b)(2)(A)(ii) (alien convicted of "particularly serious crime" ineligible for asylum), 8 U.S.C. § 1158(b)(2)(B)(i) (defining an aggravated felony as a "particularly serious crime").

[6]Petitioner was granted withholding of removal based on the Immigration Judge's finding that Petitioner's life or freedom would be threatened because of his race, religion, nationality, membership in a particular social group, or political opinion. *See* 8 U.S.C. § 1231(b)(3)(A).

The Board of Immigration Appeals ("BIA") affirmed the Immigration Judge's order finding that the trespass offense was a "theft offense" (and, thus, an aggravated felony).  (*Id.*). Petitioner then filed a petition for review in the United States Court of Appeals for the Tenth Circuit.  (*Id.*).  The Tenth Circuit found that Petitioner was removable because he committed an aggravated felony and dismissed the petition for lack of jurisdiction pursuant to 8 U.S.C. § 1252(a)(2)(C).  *Novitskiy*, 120 F. App'x at 288.

In June 2007, Petitioner was convicted in the District Court of Denver County, Colorado, of two counts of forgery and one count of possession of a forged instrument in violation of state law.  (# 1, at 5).  He  was sentenced to consecutive terms of two years of imprisonment for each of the forgery counts and 18 months for the third count, to run concurrently with the forgery counts, for a total of four years.  (*Id.*).  On January 12, 2010, the Colorado Department of Corrections released Petitioner into ICE custody.  (*Id.*).   ICE released Petitioner the same day on an Order of Supervision.  (*Id.* at 5, 23).

On July 21, 2011, ICE filed a motion to reopen Petitioner's removal proceedings with the Denver Immigration Court, pursuant to 8 U.S.C. § 1231(b)(3)(B)(ii), based on Petitioner's aggregate prison sentences of  five-and-a-half years for his 2002 and 2007 convictions.[7]  (*See #*

---

[7]An alien is not eligible for withholding of removal if he has been convicted of "a particularly serious crime," defined as "an aggravated felony (or felonies) for which the alien has been sentenced to an aggregate term of imprisonment of at least 5 years." 8 U.S.C. § 1231(b)(3)(B)(ii). *See also* 8 C.F.R. § 1208.24(b)(3) (withholding of removal may be terminated if "[t]he alien has committed any other act that would have been grounds for denial of withholding of removal under [8 U.S.C. § 1231(b)(3)(B)]."); 8 C.F.R. § 1208(f) (stating that immigration judge or BIA may reopen a case for the purpose of withholding removal if Government establishes one or more grounds set forth in paragraphs (a) or (b) of this section).

8-2).   The Immigration Court granted ICE's motion, and Petitioner was taken into ICE custody on September 19, 2011, pursuant to 8 U.S.C. § 1226(c).[8]   (# 1, at 5; # 8-1, at ¶ 3).

The Immigration Court held a hearing in Petitioner's reopened removal proceedings on April 20, 2012.  (# 8-1, ¶ 13).   The Immigration Judge terminated the prior grant of withholding of removal and ordered Petitioner removed to Russia .  (*Id.*).  Petitioner filed a notice of appeal with the BIA on April 26, 2012.[9]  (*Id.* ¶ 14).  On August 22, 2012,  the BIA determined that Petitioner was not eligible for withholding of removal, pursuant to 8 U.S.C. § 1231(b)(3)(B)(ii), and dismissed Petitioner's appeal.  (# 12-1).

Mr. Novitskiy contends in the Petition that his detention is unlawful under the Fifth and Eighth Amendments to the United States Constitution.   He further asserts that Respondents have failed to comply with applicable federal statutes governing the detention of aliens.  The Petitioner seeks an order directing the Respondents to release him immediately from custody, under an order of supervision.  In the alternative, he requests termination of the removal proceeding.

## III.  Legal Analysis

### A.  Standard of Review

An application for habeas corpus pursuant to 28 U.S.C. § 2241 may only be granted if the

---

[8]On September 28, 2011, the Immigration Court vacated its order reopening the case.  (# 1, at 34 ).  The Immigration Judge found that the motion to reopen should have been filed with the BIA because Petitioner's prior case had been appealed to the BIA.  (*Id.*).  After ICE re-filed the motion to reopen with the BIA on October 4, 2011, the BIA remanded the case to the Immigration Court on December 23, 2011.  (# 1, at 38-39).  The BIA founds that the Immigration Judge's 2003 decision granting withholding removal did not include an "explicit order of removal" as required by a 2008 BIA decision and, therefore, the "proceedings in his case [were] unresolved and incomplete." (# 1, at 39(citation omitted)).  The BIA noted that ICE could lodge additional charges (i.e., charges triggered by the 2007 convictions) during the reopened proceedings.  (*Id.*)

[9]The appeal was pending at the time Petitioner filed his § 2241 application.

4

Petitioner "is in custody in violation of the Constitution, or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

In considering Petitioner's filings, the Court is mindful of his *pro se* status, and accordingly, reads his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, such liberal construction is intended merely to overlook technical formatting errors and other defects in his use of legal terminology and proper English. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). *Pro se* status does not relieve Petitioner of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court will treat Petitioner according to the same standard as counsel licensed to practice law before the bar of this Court. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir.1994).

## B.  Mootness

The Court first addresses the threshold question of its subject matter jurisdiction. Respondents maintain that Petitioner's claim challenging the legality of his detention under 8 U.S.C. § 1226 is moot because his current detention is based on 8 U.S.C. § 1231.

Under Article III of the Constitution, federal courts may only adjudicate live controversies. *Alvarez v. Smith*, 558 U.S. 87, 130 S.Ct. 576, 580 (2009).  An "actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Id.* (internal quotation marks and citations omitted).  "If, during the pendency of the case, circumstances change such that [a party's] legally cognizable interest in a case is extinguished, the case is moot, and dismissal may be required."  *Green v. Haskell County Bd. of Comm'rs*, 568 F.3d 784, 794 (10th Cir. 2009) (internal quotation marks and citation omitted); *see also Lane v. Simon*, 495

5

F.3d 1182, 1186 (10th Cir. 2007) (stating that once the controversy ceases to exist, the action is moot and this court lacks jurisdiction) (citation omitted).

During removal proceedings but before an order of removal is final, an alien's detention is governed by 8 U.S.C. § 1226.  The alien may be released on bond or paroled.  *See Zadvydas v. Davis*, 533 U.S. 678, 683 (2001); 8 U.S.C. § 1226(a) (stating that Attorney General may detain alien pending decision whether to remove alien from United States); 8 U.S.C. § 1226(c) (stating that Attorney General shall take into custody any alien who is inadmissible by reason of having committed any offense covered in § 1182(a)(2)); 8 U.S.C. § 1182(a)(2)(B) ("Any alien convicted of 2 or more offenses (other than purely political offenses), . . . , for which the aggregate sentences to confinement were 5 years or more is inadmissible.").

After entry of a final removal order but during the 90-day removal period, aliens must be held in custody pursuant to 8 U.S.C. § 1231(a)(2).[10]  *Id.*; *see also Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1123 (10th Cir. 2005).  Section 1231 defines the "removal period" as beginning on the latest of: (i) the date the order of removal becomes administratively final;[11] (ii) the date of the court's final order if the removal order is judicially reviewed and the court orders a stay of removal; or (iii) the date an alien is removed from detention, if that detention is not under an immigration process (for example, if serving a criminal sentence).  8 U.S.C. § 1231(a)(1)(B).

---

[10]8 U.S.C. § 1231(a)(2) states:

During the removal period, the Attorney General shall detain the alien. Under no circumstance during the removal period shall the Attorney General release an alien who has been found inadmissible under section 1182(a)(2) or 1182(a)(3)(B) of this title or deportable under section 1227(a)(2) or 1227(a)(4)(B) of this title.

[11]An order of removal becomes administratively final upon "a determination by the Board of Immigration Appeals affirming such order."  8 U.S.C. § 1101(a)(47)(B).

In this case, the first clause of § 1231(a)(1)(B) applies and the removal period for Mr. Novitskiy commenced on August 22, 2012, when the order of removal became administratively final.[12]  Accordingly, on August 22, 2012, the Attorney General's authority to detain Petitioner shifted from 8 U.S.C. § 1226 to § 1231(a)(2).  As such, Petitioner's claim challenging his detention under 8 U.S.C. § 1226 is moot.  *See Jah v. Attorney General of the U.S.,* No. 07-3921, 2007 WL 4351352, at *1 (3d Cir. Dec. 12, 2007) ("The specific issue presented by Jah's petition is now moot in any event. On August  27, 2007, the Board of Immigration Appeals dismissed his appeal. Jah's detention pursuant to a final order of removal is authorized by 8 U.S.C. § 1231(a)(2)."); *Oyelude v. Chertoff*, No. 05-10916, 2006 WL 678670, at *1 (5th Cir. Mar. 16, 2006) ("Oyelude's challenge to his § 1226 detention was mooted on June 23, 2004 when his final removal order was entered and the Attorney General's authority to detain him shifted to § 1231 . . . ."); *De la Teja v. United States*, 321 F.3d 1357, 1364 (11th Cir. 2003) (alien's habeas petition challenging detention under 8 U.S.C. § 1226 moot when removal period starts and detention authority shifted to 8 U.S.C. § 1231); *Quezada v. Hicks*, 821 F. Supp. 2d 702, 705-708 (D. N. J. 2011) (same).  At this time, there is no remedy the Court could grant concerning the legality of Petitioner's detention before August 22, 2012.  *See Spencer v. Kemna*, 523 U.S. 1, 18 (1998) ("But mootness, however it may have come about, simply deprives us of our power to act; there is nothing for us to remedy, even if we were disposed to do so.  We are not in the

---

[12]The second clause does not apply because it requires the alien to file a petition for review of the removal order and to request a stay of removal from the reviewing court. 8 U.S.C. § 1101(a)(47)(B)(ii).  Petitioner has filed (under seal) a Petition in the Tenth Circuit to review the BIA's decision. *See Novitsk[i]y v. Holder*, No. 12-9580, Petitioner's Opening Brief filed on October 24, 2012 ("Tenth Circuit Petition").  However, Petitioner did not request a stay of removal from the Tenth Circuit. (*Id.*).  The third clause does not apply because Petitioner is not in custody on a non-immigration matter.

business of pronouncing that past actions which have no demonstrable continuing effect were right or  wrong.").

The Petitioner argues, however, that his claim is not moot because there is a reasonable expectation that he will be subject to detention pursuant to § 1226 in the future under the following scenario.  In his Tenth Circuit Petition, the Petitioner challenged the BIA's determination that he was convicted by a final judgment of a particularly serious crime.  (# 13, at 8).  Specifically, Petitioner asserted that his 2007 state court forgery convictions are not final because he has appealed the convictions to the Colorado Court of Appeals.  (*Id.*; *see also* #9, at 2, 30-34 of 43).

Here, the Petitioner maintains that if the Tenth Circuit reverses the BIA's decision based on the finality requirement, he will be subject to mandatory detention under § 1226 pending the remand hearing before the immigration judge.  (# 14, at 11).   The Petitioner asserts that if he prevails on remand, his withholding of removal may be reinstated and he will be released. (*Id.*; *see also* #13, at 8).  However, if the state appellate court later affirms his 2007 forgery convictions, the Respondents may file another motion to reopen removal proceedings and he will be detained once again under § 1226.  (# 14, at 11).

A petition may not be dismissed as moot if the issue is deemed to be a wrong capable of repetition but evading review.  *See Riley v. INS*, 310 F.3d 1253, 1257 (10th Cir. 2002).[13]  This exception applies "where the following two circumstances [are] simultaneously present: (1) the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration,

---

[13]There are three other exceptions to mootness: (1) where secondary or collateral injuries survive after resolution of the primary injury; (2) where the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (3) where the action is a properly certified class action suit. *Riley*, 310 U.S. at 1257.  The parties do not argue that any of these exceptions is potentially applicable here and the Court does not find otherwise.

and (2) there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again." *Spencer*, 523 U.S. at 18 (brackets in original; quotation marks and citations omitted).

The Petitioner's argument that he may be subject to mandatory detention under § 1226(c) in the future is based on speculation, rather than a reasonable expectation of future detention under the statute. *See Quezada*, 821 F. Supp. 2d at 708 ("the prospect of Quezada once again being detained under § 1226(c) is too speculative to constitute a "reasonable expectation that the same complaining party will be subject to the same action again."). Furthermore, even if Petitioner was detained again under § 1226, it is not clear that the length of the detention  would make legal challenge impossible to seek review. *See Disability Law Ctr. v. Millcreek Health Ctr.*, 428 F.3d 992, 997 (10th Cir. 2005) ("If in a future dispute DLC is concerned its case will become moot because events are moving too quickly, it can request expedited review.") (citation omitted).

Accordingly, Petitioner has failed to demonstrate that any exception to mootness applies. *See, e.g., United States ex rel. Hafter v. Spectrum Emergency Card, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999) ("If jurisdiction is challenged, the burden is on the party claiming jurisdiction to show it by a preponderance of the evidence.").   The Court thus lacks jurisdiction over Petitioner's claim challenging the legality of his detention prior to August 22, 2012.

**C.  Ripeness**

With regard to the Petitioner's detention after August 22, 2012, the Respondents contend that the Petitioner's challenge is not ripe for judicial review.

Ripeness is a justiciability doctrine "drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction." *Reno v. Catholic Soc. Servs., Inc.*, 509 U.S. 43, 57 n. 18 (1993).   The ripeness inquiry "focuses not on whether the plaintiff was in fact harmed, but rather whether the harm asserted has matured sufficiently to warrant judicial intervention." *Morgan v. McCotter*, 365 F.3d 882, 890 (10th Cir. 2004) (quotation omitted).   In other words, the Court must determine "whether the case involves uncertain or contingent future events that may not occur as anticipated, or indeed may not occur at all."  *Initiative and Referendum Inst. v. Walker*, 450 F.3d 1082, 1097 (10th Cir. 2006) (quotations omitted).   The "[r]ipeness doctrine addresses a timing question: when in time is it appropriate for a court to take up the asserted claim." *Kansas Judicial Review v. Stout*, 519 F.3d 1107, 1116 (10th Cir. 2008) (citation omitted).

During the ninety-day removal period, which commenced on August 22, 2012, the Petitioner was detained under 8 U.S.C. § 1231(a)(2).   Pursuant to that statute, the Attorney General is prohibited from releasing an alien, such as Petitioner, who has been convicted of crimes for which the totaled sentences equal or exceed  five years.  *See* 8 U.S.C. § 1231(a)(2) (stating that "[d]uring the removal period, the Attorney General shall detain the alien," and that "[u]nder no circumstances during the removal period shall the Attorney General release an alien who has been found inadmissible under section 1182(a)(2) or 1182(a)(3)(B) of this title . . . ."); *see also De la Teja*, 321 F.3d at 1363 ("The Attorney General unquestionably has the authority to detain [such aliens], and indeed is statutorily required to do so.").

Petitioner's ninety-day removal period ended on November 20, 2012.  An alien ordered removed who is inadmissible under 8 U.S.C. § 1182, "may be detained beyond the removal

period and, if released shall be subject to [certain] terms of supervision." 8 U.S.C. § 1231(a)(6).

Petitioner is detained currently under § 1231(a)(6).

The Petitioner argues that his detention violates *Zadvydas* because his removal cannot be effected within a reasonable period, given that the country of his citizenship no longer exists. In *Zadvydas*, the aliens had been ordered removed and were being detained beyond the 90-day removal period pursuant to the Attorney General's authority under § 1231(a)(6). *Zadvydas*, 533 U.S. at 684–86. However, the government could not secure their removal because the designated countries either refused to accept them or did not maintain repatriation agreements with the United States. *Id.* Recognizing that "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem," *id.* at 690, the Court ruled that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized," *id.* at 699. The Court further held that detention lasting six months or less is presumptively reasonable; detention lasting beyond six months requires the government to rebut the alien's showing that there is no significant likelihood of removal in the reasonably foreseeable future. *Id.* at 701. However, detention beyond six months does not, by itself, mean that the alien must be released. *Id.* ("This 6-month presumption, of course, does not mean that every alien not removed must be released after six months."); *see also Soberanes v. Comfort,* 388 F.3d 1305, 1311 (10th Cir. 2004) (upholding continued detention of deportable alien after more than two years of confinement); *Adefemi v. Gonzales*, 228 F. App'x. 415, 416 (5th Cir. 2007) (per curiam) (unpublished) (same).

At this time, it is premature for Petitioner to raise a constitutional challenge to his detention under 8 U.S.C. § 1231(a)(6). *See*, *e.g.*, *Chance v. Napolitano*, No. 11-50200, 453 F.

11

App'x 535, 536 (5th Cir. Dec. 15, 2011) (unpublished) (holding that district court did not err in finding that petitioner's challenge to his continued post removal detention was premature where petitioner had not been in post-removal-order-detention longer than the presumptively reasonable six-month period set forth in *Zadvydas*).   Moreover, even if Petitioner is stateless, he may be removed to any other country whose government will accept him.  *See* 8 U.S.C. § 1231(b)(2)(E)(vii).  Respondents represent that ICE is pursuing the removal options mandated by Congress.  (# 12, at 5 n.4).   Accordingly, the Court finds that Petitioner's claim challenging his current detention as contrary to *Zadvydas* is not ripe for judicial decision.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Petitioner files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

**IT IS THEREFORE ORDERED** that Petitioner's Motion to Permit Late-Filing Due to Excusable Neglect (# 14) is **GRANTED**.  It is

**FURTHER ORDERED** that Petitioner Sergey Genad'yevich Novitskiy's Petition for Writ of Habeas Corpus (#1) is **DENIED** and this action is **DISMISSED WITHOUT PREJUDICE**.  It is

**FURTHER ORDERED** that leave to proceed *in forma pauperis* on appeal is denied.

Petitioner may file a motion in the Tenth Circuit.

Dated this 22nd day of January, 2012

**BY THE COURT:**

Marcia S. Krieger
Chief United States District Judge

13