IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Marcia S. Krieger**

Civil Action No. 12-cv-00965-MSK

SERGEY GENAD'YEVICH NOVITSKIY,

    Applicant,

v.

MATT HOLM, Warden of I.C.E. Processing Center,
CARL ZABAT, and
LYNN DOBLE-SALICRUP,

    Respondents.

---

ORDER

---

    The matter before the Court is the "Motion for Production of the Specific Document, Which must Be Authenticated by the Clerk of the Court at No Cost to Petitioner," (Docket No. 27), filed by Applicant, Sergey Novitskiy, on February 16, 2016.  In the Motion, Mr. Novitskiy requests that the Court provide him with a free copy of the Declaration of Mark Cordova (Docket No. 8-1) to assist him in prosecuting his civil rights suit against the United States in Case No. 15-cv-01437-PAB-MEH.  Applicant states that the document will not be admissible in evidence if it is not properly authenticated by the Court, and he lacks the financial resources to pay any court-imposed copying and certification costs.

    Mr. Novitskiy paid the $5.00 filing fee in this action.  However, he has been granted leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915, in Civil Action No. 15-cv-01437-PAB-MEH.  Applicant should have filed his Motion for Production in the civil rights action.

Mr. Novitskiy is reminded that *in forma pauperis status* does not automatically entitle him to free copies of documents filed in a court action. *See Guinn v. Heckler*, No. 94-1257, 1994 WL 702684 (10th Cir. Dec. 15, 1994) (unpublished) (28 U.S.C. § 1915 does not include right to free copy of any document in record; court may constitutionally require indigent plaintiff to demonstrate need for free copy). S*ee also In re Richard*, 914 F.2d 1526, 1527 (6th Cir.1990) (28 U.S.C. § 1915 "does not give the [prisoner] litigant a right to have documents copied and returned to him at government expense"); *Collins v. Goord*, 438 F.Supp.2d 399, 416 (S.D.N.Y.2006) ("inmate[s] ha[ve] no constitutional right to free [photo]copies"); *Williams v. Minnesota Dep't of Corrections*, No. CIVA.02–4200(JRT/RLE), 2003 WL 21744244 (D. Minn. July 22, 2003) (same, citing *Guinn*); *Rayes v. Houson*, No. No. 4:14CV3177, 2014 WL 6980254, at *4 (D. Neb. Dec. 9. 2014) (same, citing *Guinn*).

In the Motion, Mr. Novitskiy does not explain why the Cordova Declaration is necessary to his prosecution of his civil claims against the United States in 15-cv-01437-PAB-MEH and has therefore failed to demonstrate a need to obtain the document at the government's expense. Accordingly, it is

ORDERED that the "Motion for Production of the Specific Document, Which must Be Authenticated by the Clerk of the Court at No Cost to Petitioner," (Docket No. 27), filed by Applicant, Sergey Novitskiy, on February 16, 2016, is DENIED WITHOUT PREJUDICE. It is

FURTHER ORDERED any further motions filed by Mr. Novitskiy that pertain to his separate lawsuit in Civil Action No. 15-cv-01437-PAB-MEH must be filed in that action. It is

FURTHER ORDERED that Mr. Novitskiy may obtain a copy of the requested document by contacting the Clerk of the Court and paying the published fee(s). *See* www.uscourts.gov.

DATED this 23rd day of February, 2016.

                    **BY THE COURT:**

*Marcia S. Krieger*

Marcia S. Krieger
United States District Court